UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION | C.A. 12-MD-2358 (SLR) |
| This Document Relates to:<br>**All Actions** | |

**STIPULATION AND [PROPOSED] ORDER
CONSOLIDATING CASES FOR ALL PURPOSES**

WHEREAS, on June 12, 2012, the United States Judicial Panel on Multidistrict Litigation ("JPML") issued an order pursuant to 28 U.S.C. § 1407 transferring this multidistrict litigation ("MDL") and associated actions to this Court, finding that these actions involve common questions of fact and that centralization in this Court will eliminate duplicative discovery, prevent inconsistent pretrial rulings, including with respect to class certification, and conserve the resources of the parties, their counsel, and the judiciary;

WHEREAS, pursuant to the rules of the JPML, any additional actions related to this MDL that are considered "tag-along" actions will be transferred to this Court by the JPML;

WHEREAS, the 21 actions listed in Attachment A hereto are presently pending before this Court as part of this MDL or as actions that originated in this District and are putative nationwide class actions against defendant Google Inc. ("Google"), and, in some actions, defendant PointRoll, Inc. ("PointRoll"), that include, among others, allegations that the defendants improperly placed "cookies" on web browsers that circumvented users' privacy controls and  facilitated tracking of the users' Internet use;

1

WHEREAS, the actions listed in Attachment A arise out of the same transactions and occurrences and involve the same or substantially similar issues of law and fact, and, therefore, are related within the meaning of Civil L.R. 3.1(b) and should be consolidated for all pretrial purposes under Federal Rule of Civil Procedure 42(a);

WHEREAS, defendants take no position as to the appointment of Lead Counsel;

THEREFORE, IT IS STIPULATED AND AGREED by plaintiffs and defendants, through their respective counsel of record, subject to approval by the Court, as follows:

1. The actions listed in Attachment A are hereby consolidated into Civil Action No. 12-MD-2358 (SLR) for all pretrial purposes.

2. All related actions that are now pending, subsequently filed in, or transferred to, this District shall be consolidated into this action for all pretrial purposes. All actions that have been or will be transferred to this Court by the JPML as tag-along actions to MDL No. 2358 shall be consolidated into this action for all pretrial purposes. This Order shall apply to every such consolidated action, absent further order of the Court. A party that objects to such consolidation, or to any other provision of this Order, must file an application for relief from this Order within ten (10) days after the date on which a copy of the Order is mailed to the party's counsel.

3. This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, as permitted by law or otherwise for good cause shown.

4. The docket in Civil Action No. 12-MD-2358 (SLR) shall constitute the Master Docket for this action.

5.      The caption of these consolidated actions shall be "In Re Google Inc. Cookie Placement Consumer Privacy Litigation" and every pleading filed in the consolidated actions, or in any separate action included herein, shall bear the same caption as this Order.

6.      The file in Civil Action No. 12-MD-2358 (SLR) shall constitute a Master File for every action in the consolidated action.  When a pleading is intended to be applicable to all actions governed by this Order, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption.  When a pleading is intended to be applicable to only some, but not all, of the consolidated actions, this Court's docket number for each individual action to which the pleading is intended to be applicable and the abbreviated case name of said action shall appear immediately after the words "This Document Relates To:" in the caption.

7.      A Master Docket and a Master File hereby are established for the above consolidated proceedings and for all other related cases filed in or transferred to this Court.  Separate dockets shall continue to be maintained for each of the individual actions hereby consolidated, and entries shall be made in the docket of each individual case in accordance with the regular procedures of the clerk of this Court, except as modified by this Order.

8.      When a pleading is filed and the caption shows that it is applicable to "All Actions," the clerk shall file such pleading in the Master File and note such filing on the Master Docket.  No further copies need be filed, and no other docket entries need be made.

9.      When a pleading is filed and the caption shows that it is to be applicable to fewer than all of the consolidated actions, the clerk will file such pleading in the Master File only but shall docket such filing on the Master Docket and the docket of each applicable action.

10. When a case that properly belongs as part of this consolidated action is filed in this District or transferred to this District by another court or by the JPML and assigned to this Court, the clerk of this Court shall:

   a. Place a copy of this Order in the separate file for such action;

   b. Mail to the attorneys for the plaintiff(s) in the newly-filed or transferred case a copy of this Order;

   c. Direct that this Order be served upon or mailed to any new defendant(s) or their counsel in the newly-filed or transferred case; and

   d. Make an appropriate entry on the Master Docket.

11. This Court requests the assistance of counsel in calling to the attention of the clerk of this Court the filing or transfer of any case that properly might be consolidated as part of this consolidated action.

12. Plaintiffs anticipate coordinating and filing a joint proposal for the Court's appointment of Lead Counsel, with a specified organizational structure, in the consolidated actions. In the event the Plaintiffs' counsel cannot reach agreement on a Lead Counsel proposal with associated organizational structure, the Plaintiffs will then file such motions and other papers concerning appointment of Lead Counsel as may be required or appropriate under the Federal Rules, the Court's Local Rules and the Court's Standing Orders.

13. Lead Counsel shall have authority to speak for all plaintiffs in the consolidated actions in matters regarding pretrial and trial procedure and settlement negotiations, and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

14.     Lead Counsel shall be responsible for coordination of all activities and appearances on behalf of all plaintiffs and for the dissemination of notices and orders of this Court, including communication with and representation of all pro se plaintiffs whose actions have been consolidated.  No motion, request for discovery or other pretrial proceedings shall be initiated or filed by any plaintiff except through Lead Counsel.

15.     Lead Counsel shall be responsible for the creation and maintenance of a master service list of all parties and their respective counsel.

16.     Defendants' counsel may rely upon all agreements made with Lead Counsel, or other duly authorized representatives of all plaintiffs in the consolidated actions, and such agreements shall be binding on all plaintiffs.

17.     After the Court has appointed Lead Counsel, Lead Counsel shall file and serve a single Consolidated Amended Complaint that will supersede all existing complaints filed in the consolidated actions and any action subsequently consolidated with this action.  Defendants need only respond to the Consolidated Amended Complaint and any amendments thereto and need not respond to any other complaint filed in any action consolidated by this Order.

IT IS SO STIPULATED.

Dated: July 23, 2012

| | |
|---|---|
| /s/ Stephen G. Grygiel<br>Stephen G. Grygiel (Del. No. 4944)<br>Keefe Bartels<br>170 Monmouth St.<br>Red Bank, NJ 07701<br>732-224-9400<br>Email: sgrygiel@keefebartels.com<br><br>*with*<br><br>Barry R. Eichen<br>Eichen, Crutchlow, Zaslow & McElroy<br>40 Ethel Road<br>Edison, NJ 08817<br>732-777-0100<br>beechen@njadvocates.com<br><br>*Counsel for Plaintiffs*<br>*Ana Yngelmo and Larry Sossin* | /s/ Brian Russell Strange<br>Brian Russell Strange<br>Strange & Carpenter<br>12100 Wilshire Boulevard, Suite 1900<br>Los Angeles, CA 90025<br>310-207-5055<br>Email: lacounsel@earthlink.net<br><br>*Counsel for Plaintiff Lourdes Villegas*<br><br>/s/ David Shelton<br>David Shelton<br>P.O. Box 2541<br>Oxford, MS 38655<br>662-281-1212<br>Email: david@davidsheltonpllc.com<br><br>*Counsel for Plaintiff Alex Movitz* |
| /s/ Howard Mitchell Bushman<br>Howard Mitchell Bushman<br>Harke Clasby & Bushman LLP<br>9699 NE Second Avenue<br>Miami Shores, FL 33138<br>305-536-8220<br>Email: hbushman@harkeclasby.com<br><br>*Counsel for Plaintiff Keile Allen* | /s/ Ben Barnow<br>Ben Barnow<br>Barnow and Associates, P.C.<br>One North LaSalle Street<br>Suite 4600<br>Chicago, IL 60602<br>312-621-2000<br>Email: b.barnow@barnowlaw.com<br><br>*Counsel for Plaintiff Karin Kreisman* |
| /s/ Michelle L. Marvel<br>Michelle L. Marvel<br>Bartimus, Frickleton, Robertson & Gorny - Leawood<br>11150 Overbrook Road, Suite 200<br>Leawood, KS 66211<br>913-266-2300<br>Email: mmarvel@bflawfirm.com<br><br>*Counsel for Plaintiff James Henry Rischar* | /s/ Henry A. Meyer, III<br>Henry A. Meyer, III<br>Meyer & Leonard PLLC<br>116 E. Sheridan, Suite 207<br>Oklahoma City, OK 73104<br>405-702-9900<br>Email: hameyer@mac.com<br><br>*Counsel for Plaintiff Jacqueline Burdick* |

/s/ Andrew Lyskowski
Andrew Lyskowski
Bergmanis Law Firm, LLC
380 W Hwy 54, Suite 201
P.O. Box 229
Camdenton, MO 65020
573-346-2111
Email: alyskowski@ozarklawcenter.com

*Counsel for Plaintiff Brian Martorana*

/s/ David A. Straite
David A. Straite
Stewarts Law US LLP
1201 North Orange Street
Wilmington, DE 19801
302-298-1200
Fax: 302-298-1222
Email: dstraite@stewartslaw.com

*Counsel for Plaintiffs*
*Matthew Soble and Bert Glaser*

/s/ Jonathan Shub
Jonathan Shub
Seeger Weiss LLP
1515 Market Street, Suite 1380
Philadelphia, PA 19102
215-564-2300
Email: jshub@seegerweiss.com

*Counsel for Plaintiff Lynne Krause*

/s/ Hassan A. Zavareei
Hassan A. Zavareei
Tycko & Zavareei LLP
2000 L. Street, N.W., Suite 808
Washington, DC 20036
202-973-0900
Email: hzavareei@tzlegal.com

*Counsel for Plaintiff Kevin Jacobsen*

/s/ Emily Ward Roark
Emily Ward Roark
Bryant Law Center, PSC
601 Washington Street,
P.O. Box 1876
Paducah, KY 42002-1876
270-442-1422
Email: emily.roark@bryantpsc.com

*Counsel for Plaintiff William G. Gourley*

/s/ Jonathan K. Tycko
Jonathan K. Tycko
Tycko and Zavareei LLP
2000 L St. NW
Ste 808
Washington, DC 20036
202-973-0900
Email: jtycko@tzlegal.com

*Counsel for Plaintiff Michael Musgrove*

/s/ Geoffrey S. Meyerkord
Geoffrey S. Meyerkord
Meyerkord and Meyerkord LLC
1717 Park Avenue
St. Louis, MO 63104
314-436-9958
Email: meyerkordlaw@charter.net

*Counsel for Plaintiff James Treis*

/s/ John Allen Yanchunis , Sr.
John Allen Yanchunis , Sr.
Morgan & Morgan
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
813-223-5505
Email: jyanchunis@forthepeople.com

*Counsel for Plaintiff Kenneth W. Heretick*

/s/ Clinton A. Krislov
Clinton A. Krislov
Krislov & Associates, Ltd.
20 North Wacker Dr., Suite 1350
Chicago, IL 60606
312-606-0500
Email: clint@krislovlaw.com

*Counsel for Plaintiff Franchise Dynamics LLC*

/s/ Charles Robert Watkins
Charles Robert Watkins
Donaldson & Guin, LLC
300 South Wacker Drive, Suite 1700
Chicago, IL 60603
312-878-8391
Email: charlesw@dglawfirm.com

*Counsel for Plaintiff Nicholas Todd Heinrich*

/s/ David J Syrios
David J Syrios
Ademi & O'Reilly LLP
3620 E Layton Ave
Cudahy, WI 53110
414-482-8000
Fax: 414-482-8001
Email: dsyrios@ademilaw.com

*Counsel for Plaintiff Jason Oldenburg*

/s/ Richard Lyle Coffman
Richard Lyle Coffman
The Coffman Law Firm
505 Orleans, Suite 505
Beaumont, TX 77701
409-833-7700
Email: rcoffman@coffmanlawfirm.com

*Counsel for Plaintiff Joseph F. Clark*

/s/ R. Champ Crocker        R. Champ Crocker
R. CHAMP CROCKER LLC
P O Box 2700
Cullman, AL 35056-2130
256-739-5005
Fax: 256-739-5007
Email: champ@champcrocker.com

*Counsel for Plaintiff Stephen D. Landrum*

/s/ Anthony J Weibell
Leo P. Cunningham
Michael H. Rubin
Anthony J Weibell
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
650-493-9300
Email: lcunningham@wsgr.com;
mrubin@wsgr.com; aweibell@wsgr.com

*Counsel for Defendant Google Inc.*

/s/ Edward R. McNicholas
Edward R. McNicholas
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
202-736-8010
emcnicholas@sidley.com

*Counsel for Defendant PointRoll Inc.*

8

**SO ORDERED** on this _____ day of _____, 2012.

_____

Hon. Sue L. Robinson

**ATTACHMENT A**

Allen v. Google Inc., C.A. No. 1:12-740

Burdick v. Google Inc., C.A. No. 1:12-798

Clark v. Google Inc., C.A. No. 1:12-799

Franchise Dynamics LLC v. Google Inc., C.A. No. 1:12-793

Glaser v. Google Inc., C.A. No. 1:12-667

Gourley v. Google Inc., C.A. No. 1:12-794

Heinrich v. Google Inc., C.A. No. 1:12-792

Heretick v. Google Inc., C.A. No. 1:12-791

Jacobsen v. Google Inc., C.A. No. 1:12-790

Krause v. Google Inc., C.A. No. 1:12-789

Kreisman v. Google Inc., C.A. No. 1:12-741

Landrum v. Google Inc., C.A. No. 1:12-962

Martorana v. Google Inc., C.A. No. 1:12-744

Movitz v. Google Inc., C.A. No. 1:12-743

Musgrove v. Google Inc., C.A. No. 1:12-795

Oldenburg v. Google Inc., C.A. No. 1:12-800

Rischar v. Google Inc., C.A. No. 1:12-742

Soble v. Google Inc., C.A. No. 1:12-200

Sossin v. Google Inc., C.A. No. 1:12-797

Treis v. Google Inc., C.A. No. 1:12-796

Villegas v. Google Inc., C.A. No. 1:12-739

Yngelmo v. Google Inc., C.A. No. 1:12-745